IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2016 JAN 29 A 11: 12

CLERK'S OFFICE
AT GREENBELT
BY_____ DEPUTY

GREGORY MARSHALL,

    Plaintiff,

v.                                Case No.: GJH-16-101

JUDGE GEORGE LEVI RUSSELL, III,

    Defendant.

## MEMORANDUM OPINION

On January 8, 2016, Plaintiff Gregory Marshall filed the above entitled civil rights action for injunctive relief together with a motion to proceed in forma pauperis. ECF Nos. 1–2. Plaintiff, presently incarcerated at North Branch Correctional Institution in Cumberland, alleges that the Honorable George Levi Russell, III, a member of this Court, has not yet ordered medical providers to respond to Plaintiff's request for injunctive relief in *Marshall v. Allaway*, No. GLR-15-03864 (D. Md. Dec. 16, 2015). *See* ECF No. 1 at 2. He asks that Judge Russell be recused from his lawsuit against Allaway, and asks that Allaway be required to immediately respond to the Complaint. *Id.* For the reasons stated herein, Plaintiff's Complaint must be dismissed and in forma pauperis status denied.

**I.    DISCUSSION**

The Prison Litigation Reform Act, codified at 28 U.S.C. § 1915(e), provides that:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal—
>         (i) is frivolous or malicious;

> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e) (2012). In addition, 28 U.S.C. § 1915 (g) mandates that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.* at § 1915 (g).

Thus, once three such dismissals under § 1915(e) or Fed. R. Civ. P. 12(b)(6) have been accumulated, a prisoner will be barred thereafter from initiating further civil actions in forma pauperis, absent extraordinary circumstances.[1] Plaintiff has three previous strikes.[2] The claim set forth in the instant Complaint does not present extraordinary circumstances or imminent danger of serious physical injury. Marshall's medical conditions, including his prostate cancer, have been litigated in this Court in the past, *see Marshall v. Syed*, No. GLR-14-2385 (D. Md. July 31, 2015) (consolidated with Civil Action Nos. GLR-14-2633 and GLR-14-2395) (injunctive relief denied and case closed January 21, 2015), and his most recent case concerning his cancer, filed on December 16, 2015, is under judicial review, *see Marshall v. Allaway*, No. GLR-15-03864 (D. Md. Dec. 16, 2015).[3]

## II. CONCLUSION

---

[1] Of course, this provision does not preclude an inmate from prepaying the full $350.00 fee to refile claims previously rejected under § 1915(g) or to file future civil actions.

[2] *See Marshall v. Kemmerer*, No. AW-02-2133, 2002 U.S. Dist. LEXIS 29011 (D. Md. July 26, 2002); *Marshall v. Howard Cty. Cir. Ct.*, No. AW-97-2536, 1997 U.S. Dist. LEXIS 24494 (D. Md. Aug. 20, 1997); *Marshall v. Lanham*, No. AW-97-990, 1997 U.S. Dist. LEXIS 24496 (D. Md. Apr. 8, 1997).

[3] By his own admission, Plaintiff's medical condition is being monitored and, had Plaintiff not complained about the outside specialist who was to perform his biopsy, the proceeding would have been completed several months ago. *See Marshall v. Allaway*, No. GLR-15-3864 (D. Md. Dec. 16, 2015) (ECF No. 1 at 2–3).

For the foregoing reasons, Plaintiff's Complaint is DISMISSED without prejudice and Plaintiff's Motion for Leave to Proceed in Forma Pauperis is DENIED. A separate Order shall be entered in accordance with this Memorandum Opinion.

Dated: January 28, 2016

/s/ GEORGE J. HAZEL
United States District Judge